Hon. J. G. Taliaferro,
Hon. R. K. Howell,
Hon. W. G. Wyly,
Hon. W. W. Howe, } *Associate Justices.*

---

No. 636.—Edward Simon, Administrator *v.* William F. Haifleigh, Sheriff, et als.

*The burden of showing the incapacity of a judge to act as such, falls on the party who alleges such incapacity.*

*The stipulation in an act of mortgage of two per cent. to cover attorney's fees, if resort be had to legal proceeding, is made in favor of the creditor, and is collectable with the principal debt.*

*Negotiable notes, which are identified with the notarial act of mortgage given to secure their payment, make full proof of themselves.*

APPEAL from the Third District Court, parish of St. Mary. *Gates, J. De Blanc & Perry, Gary & Fournet* and *A. L. Tucker,* for plaintiff and appellant, *Thomas J. Cooley* and *McMillan & Massy,* for defendants and appellees.

Taliaferro, J. The plaintiff obtained an injunction restraining the sheriff of the parish of St. Mary from selling certain lands seized by him under an order of seizure and sale directed to him, and rendered on the petition of several creditors of the plaintiff's father during his lifetime.

The grounds set forth for the injunction are various. It is alleged that the order was rendered by a person not legally in office as District Judge of the Fourth Judicial District at the date of the order; that, assuming to act in place of the Judge of the Third Judicial District, within which the property seized is situated, his action is null, for the reason that the Judge of the Third District had not resigned his office at the time of the rendition of the order.

That no authentic evidence was presented showing that at the time the order of seizure and sale was applied for and obtained, the Judge of the Third Judicial District was *functus officio*. That the two per cent. on the amount recovered, stipulated to be paid as attorney's fees in the event of compulsory proofs being resorted to, is not due to the plaintiff but may hereafter become due to the attorneys employed to prosecute the claims; and that the plaintiff in the case has *quoad hoc* no cause of action.

That the per centage as attorneys fees being contingent upon the amount recovered, no authentic evidence could be adduced showing the amount of the attorney's fees, and as regards this unliquidated claim an order of seizure could not legally issue.

It is also urged that there is no authentic proof of the transfer of the notes. The judgment of the lower court dissolved the injunction and awarded five per cent. damages in favor of the defendants against the plaintiff and his sureties. From this judgment the plaintiff appealed.

The plaintiff's allegation of want of legal right in the Judge of the Fourth District to issue the order, does not appear to be sustained by the evidence.

The objection that there was no authentic proof before him showing a vacancy in the office of District Judge of the Third District we do not think tenable. The fact which authorized him to act in the contingencies enumerated in the act of the Legislature of 1860, must be presumed to have been derived from sources altogether reliable. The presumption of the right has not been overturned by the plaintiff's evidence.

The act of mortgage recites that two per cent. shall be paid on the amount to be recovered if resort be had to legal proceedings, and this to defray attorneys' fees.

The sum thus fixed is ascertainable and capable of being made certain.

The attorney's fees thus provided for are exigible with the principal debt, and are stipulated in favor of the creditor to secure him against the expense he would necessarily incur, if, through the default of the debtor, he should be compelled to judicially enforce the obligation.

The notes sued upon are negotiable instruments drawn by the maker to his own order, and endorsed by him, and are identified with a nota-

rial act of mortgage given to secure their payment in favor of the payee or any future holder.

It has been settled that such negotiable instruments accompanied with the act of mortgage make full proof of themselves.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.

Rehearing refused.